PAMELA Y. PRICE, ESQ. (STATE BAR NO. 107713)
DEVON F. KING, ESQ. (STATE BAR NO. 251292)
PRICE AND ASSOCIATES
A Professional Law Corporation
1611 Telegraph Avenue, Suite 1450
Oakland, California 94612
Telephone: (510) 452-0292
Facsimile: (510) 452-5625
E-mail: pypesq@aol.com

Attorneys for Plaintiff
CRAIG CHANDLER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG CHANDLER,<br><br>  Plaintiff,<br><br>v.<br><br>CITY OF EMERYVILLE, EDWARD SUEN IN HIS INDIVIDUAL CAPACITY, AND DOES 1 THROUGH 15 INCLUSIVE,<br><br>  Defendants. | NO. C08-04010<br><br>**COMPLAINT FOR EMPLOYMENT DISCRIMINATION**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff CRAIG CHANDLER, by and through his attorneys, alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under 42 U.S.C. Sections 1981(a), 2000(e) and 1983. Plaintiff invokes jurisdiction over his federal claim pursuant to the provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1343. The acts and practices complained of herein occurred in the County

-1-
COMPLAINT FOR DISCRIMINATION

of Alameda, California, within this judicial district.

2. Plaintiff invokes jurisdiction over his state law claims pursuant to the provisions of 28 U.S.C. § 1367. The claims that arise under state law relate to claims within the original jurisdiction of this Court such that the federal and state claims form part of the same case and controversy under Article III of the United States Constitution.

## PARTIES

3. Plaintiff CRAIG CHANDLER is a United States citizen and an African-American male. While employed by Defendant CITY OF EMERYVILLE, MR. CHANDLER resided and worked in Emeryville, California.

4. Defendant CITY OF EMERYVILLE (hereinafter "CITY") is now and at all times mentioned herein was, a public entity organized and existing under the laws of the State of California.

5. Defendant EDWARD SUEN (hereinafter "SUEN") is an employee and agent of Defendant CITY. Defendant SUEN is Defendant CITY's Finance Director. He acted within the course and scope of his employment and agency at all times mentioned herein. MR. CHANDLER sues Defendant SUEN in his individual capacity.

6. At all times herein mentioned, each Defendant was an employee and agent of each remaining Defendant, and acted within the scope of said employment and agency when committing the acts and omissions described in this Complaint. MR. CHANDLER believes and alleges that each wrongful act and omission by a Defendant was committed with express or implied approval of every other Defendant, and that each Defendant ratified and approved all acts and omissions of the others.

## FACTUAL ALLEGATIONS

7. Mr. CHANDLER began working for the City of Emeryville on January 2, 2001, as the Informational Systems Analyst 2 in the Information Technology department, a

subdivision of Defendant CITY's Finance Department. He reported to the IT Manager, Tom Blake.

8. In January 2001, Mr. Blake resigned and Mr. CHANDLER was assigned a majority of the manager's duties. From January 2001 through July 2005, Mr. Chandler performed the duties and responsibilities of the IT Manager position.

9. In a February 2002 meeting with John Flores, City Manager, Mr. Flores told Mr. CHANDLER that he wanted Mr. CHANDLER to become the new IT Manager, pending the approval of the Finance Department head, Pauline Marx.

10. From July 2002 to July 2003, Mr. CHANDLER attended monthly Intergovernmental Management Training Programs in San Ramon, California at Defendant CITY's request. Mr. CHANDLER learned governmental management techniques specific to the management of government entities.

11. In July 2005, Consultant Ron Fong was hired as the interim IT Manager. In July 2006, the IT Manager position officially opened for recruitment. On July 10, 2006, Mr. CHANDLER applied for the position.

12. On August 31, 2006, during Mr. CHANDLER's annual performance evaluation, Mr. Fong informed Mr. CHANDLER that he was not chosen as a candidate for the IT Manager position. Mr. Fong could not offer an explanation why Mr. CHANDLER was not selected. On August 31, 2006, Mr. Fong sent an e-mail to Defendant SUEN, asking him to reconsider Mr. CHANDLER for the position. Defendant SUEN did not respond.

13. In September 2006, Defendant SUEN told Mr. CHANDLER that Mr. CHANDLER would be a member of the "Oral Board" to assist in the hiring process. No African American candidates were considered for the position. During the interviews, none of the candidates were able to answer the questions adequately.

14. In October 2006, Defendant SUEN hired Reza Bonabi as the IT Manager. No Oral Board members had any input in this decision.

15. In November 2006, Mr. Bonabi and Defendant SUEN falsely accused Mr. CHANDLER of violating policies, including falsifying time-sheets and medical notes. Mr. Bonabi asked Mr. CHANDLER to produce work that he was never assigned. Defendant SUEN directed Mr. Bonabi to closely scrutinize Mr. CHANDLER's work because Mr. CHANDLER is African-American. The harassment continued on a daily basis, until it became so burdensome that Mr. CHANDLER was forced to resign.

16. Plaintiff has exhausted his administrative remedies with respect his California Government Code Section 12940 *et. seq.* action, by submitting a complaint to the DFEH. On August 24, 2007, the DFEH issued Mr. CHANDLER a Notice of Right to Sue. (A true and correct copy of said Notice is attached hereto as Exhibit A.)

## DAMAGES

17. As a result of the acts alleged herein, MR. CHANDLER sustained and will continue to sustain a substantial loss of earnings, and benefits in an amount to be determined according to proof. In addition, MR. CHANDLER has suffered and will continue to suffer damages to his career and reputation, in an amount to be determined according to proof.

18. As a further proximate result of the Defendants' actions as alleged herein, MR. CHANDLER was humiliated, hurt and injured in his health, strength and activity, and suffered and continues to suffer loss of reputation, goodwill and standing in the community, scorn and humiliation, embarrassment, hurt feelings, mental anguish and suffering, depression, anxiety, loss of enjoyment of life, and a general loss of self-esteem and well-being, all to MR. CHANDLER's damage in an amount to be shown according to proof.

19. Defendant SUEN's acts were willful, wanton, malicious and oppressive in

that he knew or should have known that his conduct was unreasonable and illegal. Furthermore, Defendant SUEN's acts were carried out in wilful and conscious disregard of MR. CHANDLER's rights and well-being, entitling MR. CHANDLER to punitive damages in an amount appropriate to punish or make an example of him.

### FIRST CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1981
### RACE DISCRIMINATION
### (AGAINST ALL DEFENDANTS)

20. MR. CHANDLER incorporates by reference Paragraphs 1 through 19, as if fully set forth herein.

21. In committing the acts and omissions alleged herein, Defendants intentionally, and without justification, deprived MR. CHANDLER of the rights, privileges and immunities secured to him by the Constitution and laws of the United States, particularly his right to be free from intentional discrimination based on race, as provided by 42 U.S.C. § 1981.

22. In doing each and all of the acts alleged herein, Defendants acted in conformance with the CITY's official policy, custom and practice of tolerating, encouraging and approving racial discrimination.

**WHEREFORE,** Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
### VIOLATION OF FEHA
### RACE DISCRIMINATION
### (AGAINST DEFENDANT CITY)

23. MR. CHANDLER incorporates by reference Paragraphs 1 through 22, as if fully set forth herein.

24. Defendant CITY, by its conduct as herein alleged, deprived MR. CHANDLER of his rights, privileges and immunities secured by the laws of the State of California, particularly his right to be free from discrimination based on his race under Section

12940 *et seq.* of the California Government Code.

**WHEREFORE**, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### VIOLATION OF FEHA
### RACIAL HARASSMENT
### (AGAINST DEFENDANT CITY)

25. MR. CHANDLER incorporates by reference Paragraphs 1 through 24, as if fully set forth herein.

26. MR. CHANDLER was subjected to abusive conduct based on his race, which was sufficiently severe and pervasive to alter the conditions of his employment and create a hostile work environment.

**WHEREFORE**, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. SECTION 1983 -
### RACE DISCRIMINATION
### (AGAINST DEFENDANT SUEN)

27. MR. CHANDLER incorporates by reference Paragraphs 1 through 26, as if fully set forth herein.

28. In doing each and all of the acts alleged herein, Defendant SUEN acted under color of state law.

29. By his conduct herein alleged, Defendant SUEN intentionally, wilfully and without justification, did deprive MR. CHANDLER of his rights, privileges and immunities secured him by the Constitution and the laws of the United States, including but not limited to his right to due process and equal protection as provided by the Fourteenth Amendment, in violation of 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff prays for relief as hereinafter set forth.

///

### FIFTH CAUSE OF ACTION:
### VIOLATION OF 42 U.S.C. SECTION 1983 –
### CUSTOM, POLICY AND PRACTICE
### (AGAINST DEFENDANT CITY)

30. MR. CHANDLER incorporates by reference Paragraphs 1 through 29, as if fully set forth herein.

31. The IT and Finance Departments are, and at all times mentioned herein were, agencies of Defendant CITY.

32. Defendant CITY, by its conduct herein alleged, intentionally, wilfully and without justification, did deprive MR. CHANDLER of his rights, privileges and immunities secured him by the Constitution and the laws of the United States, including but not limited to his right to due process and equal protection as provided by the Fourteenth Amendment, in violation of 42 U.S.C. Section 1983 by maintaining a custom, policy and practice of failing and refusing to promote African-Americans to upper management positions within the City of Emeryville.

33. Defendant CITY has demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take adequate, necessary or appropriate measures to investigate or prevent the continued perpetuation of said conduct.

**WHEREFORE,** Plaintiff prays for judgment against Defendants and each of them as follows:

1. Compensatory and special damages, including but not limited to, lost wages and benefits, and damages for mental and emotional distress, in excess of $100,000 to be determined at the time of trial;

2. Costs of suit incurred herein, including reasonable attorneys' fees;

3. Punitive and exemplary damages in an amount appropriate to punish and

make an example of Defendant SUEN, to be determined at the time of trial;

    4.    Injunctive relief against Defendant CITY, its agents and employees, enjoining them from denying, or aiding or inciting the denial of, the civil rights of any African-American employees on the basis of race, and compelling Defendant to take affirmative steps to insure a safe and fair work environment for any African-American employees; and

    5.    Such other and further relief as the Court deems just and proper.

Dated:  August 20, 2008

PRICE AND ASSOCIATES

*/s/ Pamela Y. Price*

PAMELA Y. PRICE, Attorneys for Plaintiff CRAIG CHANDLER

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues triable to a jury in each and every cause of action of his Complaint.

Dated: August 20, 2008

PRICE AND ASSOCIATES

*Pamela Y. Price*
PAMELA Y. PRICE, Attorneys for Plaintiff
CRAIG CHANDLER

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 Clay Street, Suite 701, Oakland, CA 94612
(510) 622-2941 TTY (800) 700-2320 Fax (510) 622-2951
www.dfeh.ca.gov



August 24, 2007

CRAIG CHANDLER
445 Sparrow Dr.
Hercules, CA 94547

RE:  E200708M0027-00
     CHANDLER/EMERYVILLE, CITY OF

Dear CRAIG CHANDLER:

## NOTICE OF CASE CLOSURE

The consultant assigned to handle the above-referenced discrimination complaint that was filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed on the basis of: Complainant Elected Court Action.

Please be advised that this recommendation has been accepted and the case has been closed effective August 24, 2007.

This letter is also your Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of Government Code section 12948 which incorporates Civil Code sections 51, 51.7, and 54. The civil action must be filed within one year from the date of this letter. However, if your civil complaint alleges a violation of Civil Code section 51, 51.7, or 54, you should consult an attorney about the applicable statutes of limitation. If a settlement agreement has been signed resolving the complaint, it is likely that your right to file a private lawsuit may have been waived.

**EXHIBIT A**

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Allan H. Pederson
District Administrator

cc:   Case File

Delores Turner
Human Resources Director
CITY OF EMERYVILLE
1333 Park Avenue
Emeryville, CA  94608

DFEH-200-08 (06/06)
MTORRELC