Kathleen Maylin (State Bar No. 155371)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California  94105
Telephone:  (415) 394-9400
Facsimile:  (415) 394-9401
E-mail: maylink@jacksonlewis.com

Attorneys for Defendants
CITY OF EMERYVILLE and
EDMUND SUEN

Pamela Y. Price (State Bar No. 107713)
Eun Grace Chung (State Bar No. 259766)
PRICE AND ASSOCIATES
A Professional Law Corporation
1611 Telegraph Avenue, Suite 1450
Oakland, California 94612
Telephone:  (510) 452-0292
Facsimile: (510) 452-5625
E-mail: pypesq@aol.com
E-mail:  gchung@pypesq.com

Attorneys for Plaintiff
CRAIG CHANDLER

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG CHANDLER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF EMERYVILLE, EDMUND SUEN IN HIS INDIVIDUAL CAPACITY, AND DOES 1 THROUGH 15, INCLUSIVE,<br><br>Defendants. | Case No. C08-4010 EMC<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION AND [PROPOSED] ORDER**<br><br>Complaint Filed:  08/21/08<br>Amended Complaint Filed:    09/26/08 |

This Stipulation and Protective Order Regarding Confidentiality of Documents and Information ("Protective Order") is entered into by and between Plaintiff CRAIG CHANDLER ("Plaintiff") and Defendants CITY OF EMERYVILLE and EDMUND SUEN ("Defendants"), through their respective counsel.  Plaintiff and Defendants are also referred to in this Protective Order as the "parties" or a "party."

1

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

1.      In connection with the discovery proceedings in this action, the parties may designate any document, thing, material, testimony, or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order").  For the purposes of this Order, "confidential information" includes, among other things, information and testimony contained in the workers' compensation deposition transcript of Reza Bonabi.

By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation.

2.      Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3.      Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding.  Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4.      Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5.      Confidential material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a)      A party, or an officer, director, or employee of a party deemed necessary by

2

counsel to aid in the prosecution, defense, or settlement of this action;

(b) Experts or consultants (together with their clerical staff) retained by legal counsel for the parties to assist in the prosecution, defense, or settlement of this action;

(c) Court reporter(s) employed in this action;

(d) A witness at any deposition or other proceeding in this action; and

(e) Any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to the other party or to counsel for each party.

6. Depositions shall be taken only in the presence of qualified persons.

7. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

8. If Confidential Material, including any portion of a deposition transcript designated as Confidential, is included in any papers to be filed in Court, such papers shall be labeled "Confidential – Subject to Court Order" and filed under seal until further order of this Court.

9. In the event that any Confidential Material is used in any court proceedings in this action, it shall not lose its confidential status through such use, and the party using such Confidential Material shall take all reasonable steps to maintain its confidentiality during such use.

10. This Order shall be without prejudice to the right of the parties:

(a) To bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted; or

(b) To present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified

3

herein.

This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

11.     This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party, nor shall this Order be deemed a waiver by any party to challenge the admissibility at trial of any information or document subject to the Order.

12.     This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Upon termination of this case, plaintiffs shall assemble and return to defendants all documents, material and deposition transcripts designated as confidential and all copies of same.  Notwithstanding the immediately preceding sentence, Confidential Material that is later altered by attorney work product or privileged notations may be retained by the possessing party but shall be maintained as Confidential Information or Highly Confidential Information-

///

///

///

///

///

///

///

///

///

STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER                CASE NO. C08-4010 EMC

1  Attorneys Eyes Only, shall be subject to the applicable prohibitions against disclosure and shall

2  be prominently marked, or be stored in an envelope or other container prominently marked, with

3  a legend identical or substantially similar to "Do not disclose.  Subject to Confidentiality Order."

4          IT IS SO STIPULATED.

5

6  Dated:  July 14, 2009                    JACKSON LEWIS LLP

7

8                           By: _____/s/ Kathleen Maylin_____
                              Kathleen Maylin
9                             Attorneys for Defendants
                              CITY OF EMERYVILLE and
10                            EDMUND SUEN

11

12 Dated:  July 14, 2009                    PRICE AND ASSOCIATES

13                          By: _____/s/ Pamela Y. Price_____
                              Pamela Y. Price
14                            Eun Grace Chung
                              Attorneys for Plaintiff
15                            CRAIG CHANDLER

16

17                      [PROPOSED] ORDER

18 Good cause appearing, IT IS SO ORDERED.

19

20 Dated: ___July 17, 2009___              _____
                                          EDWARD M. CHEN
21                                        United States Magistrate Judge

22

23

24

25

26

27

28
                              5

STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER        CASE NO. C08-4010 EMC